McBride, judge,
delivered the opinion of the court.
This was an action of assumpsit brought by Pearson against Bradford in the Saline circuit court. The declaration contained a common count for work and labor, and a special count alleging that the defendant employed the plaintiff as a pill-pedler and collector for one year at the sum of $300, and that the plaintiff entered the service of the defendant and continued therein for the space of six months, at the expiration of which time, and without any sufficient cause therefor, the defendant discharged him from his employment, &c. The defendant pleaded the general issue under the statute of the last General Assembly. A trial was had and a verdict found for the plaintiff; whereupon the defendant moved for a new trial, which the court refused, and he excepted, and has brought the case here by writ of error.
*72 On the trial in the court below, evidence was given tending to prove that in the spring of 1846 the defendant hired the plaintiff to vend pills and collect money for him in the State of Illinois; that the plaintiff prior to his setting out for Illinois, served the defendant twenty days, at fifty cents a day, in manufacturing pills; that on the 1st of August 1846 the plaintiff proceeded to the State of Illinois for the purpose of pedling pills and collecting money due the defendant in that State, and continued in said service until the 1st of October next following, when he returned to defendant’s house; that in consideration of his services to be performed, the defendant was to pay him $300 per annum, to be paid at the expiration of the year; that a day or two after the plaintiff returned from Illinois, the defendant informed the plaintiff’s father that he had discharged the plaintiff from his service, because the plaintiff had, whilst in his service, expended more of his money than his wages amounted to. The witness, on cross-examination, stated that the plaintiff did not complain to them of the conduct of the defendant in discharging him, nor that the discharge was against his consent, or that he objected thereto.
The defendant then offered evidence of the contents of a letter from the plaintiff, whilst in Illinois, to the witness, in which he complained of the service which he had to perform, and that he would not undertake such another trip for anjr consideration : also evidence that whilst plaintiff was in his service, in Illinois, he expended more of defendant’s money than another agent engaged in the same service, and that plaintiff was not in his employ after his return home on the 1st of October 1846.
The plaintiff thereupon asked, and the court gave to the jury the following instructions.
1st. If the jury find from the evidence that the defendant hired the plaintiff for twelve months at the price of $300, and that the plaintiff entered into his service under said hire, and was ready and willing to perform the services, and was discharged therefrom by the defendant without his (the plaintiff’s) consent, then the plaintiff is entitled to recover the whole amount of the $300, with interest at six per cent, per annum from the time it became due, after deducting what the plaintiff may be entitled to by way of offset.
2d. That it was no sufficient cause for discharging the plaintiff, that the plaintiff’s expenses, whilst engaged in defendant’s business, amounted to more than his salary for the current time.
The defendant then asked thirteen instructions; seven were given *73 and six refused^ The defendant excepted to the opinion of the court in giving the instructions asked by plaintiff, as well as in refusing those asked by him.
There can be no serious objection urged against the instructions given by the court at the iflStance of the plaintiff; and the only one relied on is that the evidence did not warrant the court in giving them. It is not, however, indispensable to the giving of an instruction that the evidence should establish conclusively the hypothesis stated therein; if there be any evidence conducing to establish the assumption, it is sufficient to authorize the giving of the instruction,- and it will be for the jury to find whether the facts stated are made out by the evidence. But if it were that there was no evidence upon which to found the instruction, still this court would not reverse the judgment for that reason, unless it was apparent that the jury had been misled by the instruction. We are of opinion however that the evidence warranted the instructions given, and that the instructions contain correct legal principles.
We do not conceive it necessary to incorporate, at length, in this opinion, the thirteén instructions asked by the defendant, seven of which were given. The substance of those given, omitting the tautology, is as follows : To entitle the plaintiff to recover upon the special court in the declaration, it devolved upon him to prove the contract declared upon, and that he performed the services or was ready and willing to perform, but was prevented from the performance by the defendant, without sufficient cause; .and that he was dischargad by defendant from his service against the consent of the plaintiff. That the plaintiff cannot recover if the jury find that he collected money due the defendant, and improperly spent, wasted or failed to account for the same, or acted unfaithful in the discharge of his duties to the defendant ; or if the plaintiff was indebted to the defendant in an equal or larger amount than that sued for by the plaintiff.
The instructions given embrace every conceivable or possible phase which the case could be tortured to present, and there was, therefore, no necessity for giving the other instructions asked by the plaintiff even if they had contained correct law; except the sixth asked and refused. It was not competent for the plaintiff to give in evidence his own declarations or statements that he had been discharged by the defendant, for the purpose of establishing the fact of such discharge. But as this point in his case was established by other and legal evidence, the judgment will not be disturbed for that reason.
*74 Before the judgment was entered, the plaintiff remitted the amount of interest found for him by the verdict of the jury.
Wherefore the judgment of the circuit court ought to be affirmed, and, the other judges concurring, the same is affirmed.